SUMMARY ORDER
Plaintiff-Appellant Huntington Hospital (“Huntington”) sued Defendant-Appellee New England Insurance Company (“New England”) for breach of contract after New England denied Huntington’s claim for excess insurance coverage on the basis that Huntington had failed to give timely notice. The United States District Court for the Southern District of New York (Crotty, J.) granted summary judgment to New England, and Huntington appealed.
We review de novo an order granting summary judgment. Miller v. Wolpoff & Abramson, L.L.P., 821 F.3d 292, 300 (2d Cir.2003). “Summary judgment is appropriate only if the moving party shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law.” Id.
New England denied coverage because Huntington had failed to provide the notice required under the contract. “Under New York law, compliance with a notice-of-occurrences provision in an insurance policy is a condition precedent to an insurer’s liability under the policy.” Commercial Union Ins. Co. v. Int’l Flavors & Fragrances, Inc., 822 F.2d 267, 271 (2d Cir. 1987). The terms of the excess insurance policy required Huntington to give New England notice “as soon as practicable” upon the occurrence of an event “reasonably likely to involve” the excess policy. The medical malpractice giving rise to the lawsuit that eventually implicated the excess policy occurred in 1988, and the suit was filed in 1985. The case proceeded to trial in March 2000, but ended when the jury deadlocked. At no point during the period did Huntington give notice to New England. A second trial was held the following month, and in April 2000 the jury returned a verdict against Huntington for an amount greater than Huntington’s primary insurance coverage. At that point, Huntington notified New England, which denied the claim on timeliness grounds.
Under these circumstances, we find no error in the District Court’s grant of summary judgment. The notice here was untimely as a matter of law, and Huntington’s apparent reliance on deficient advice is not sufficient to justify its total failure to inform New England that the excess insurance policy might be invoked. Accordingly, we AFFIRM the judgment of the District Court.